UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Demond R. Hull, | ) | C/A No. 2:11-2070-JFA-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Demond R. Hull, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 28 U.S.C. § 2254 challenging his state court convictions for trafficking in cocaine base and/or crack cocaine. He asserts that his state trial counsel was ineffective and that his guilty plea was involuntary.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

Recommendation, which was entered on the docket on May 1, 2012. The petitioner filed timely objections to the Report. Thus, this matter is ripe for review.

The Report recites the factual and procedural background giving rise to this action. Briefly, the petitioner pled guilty to both charges on June 23, 2009 and was sentenced to 15 years concurrent. He did not file a direct appeal of his conviction. Petitioner's post-conviction relief application (PCR) was dismissed and the petition for writ of certiorari was denied with the remittitur issued on June 13, 2011.

*Ineffective Assistance of Counsel*

In his present federal petition, Hull claims that his counsel was ineffective pursuant to *United States v. Cronic*, 466 U.S. 648 (1984). The respondent asserts that the petitioner never presented a *Cronic* claim to the PCR, rather it was presented as a claim under *Strickland v. Washington*, 466 U.S. 668 (1984). Essentially, petitioner contends that counsel was ineffective for his failure to allow the petitioner to view the videotapes of the traffic stops that led to his conviction.

The Magistrate Judge opines that because the petitioner never presented his *Chronic* claim to the PCR court, this claim is now procedurally barred. However, his claim pursuant to *Strickland* is not barred. The Magistrate Judge further opines that the state PCR court's adjudication of the claim under *Strickland* did not result in a decision that was contrary to or involved an unreasonable application of clearly established federal law. The PCR court found that even if counsel was deficient in not obtaining the videotapes and reviewing them with the petitioner, the petitioner suffered no prejudice, as the videotapes offered no exculpatory evidence that would have assisted the petitioner at trial.

2

*Involuntary Guilty Plea*

As to the petitioner's claim that his guilty plea was involuntary, the PCR court found that the record conclusively refutes this allegation, and that petitioner's guilty plea to drug trafficking was freely and voluntarily entered.  A guilty plea generally precludes a petitioner from challenging defects in the process which occurred prior to the plea.  Here, the petitioner must show that his lawyer's performance was incompetent under the first prong of the *Strickland* test where counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington*, 466 U.S. 668, 691 (1984).

In *Strickland,* the Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel.  First, a petitioner must show that his counsel committed error.  If an error occurred, the court must determine whether the error resulted in prejudice to the defendant/petitioner.

The PCR court in petitioner's state action found that petitioner lacked credibility in his testimony that he would not have pled guilty had he known the sentence was a serious offense that required service of 85 percent of his sentence before parole eligibility.  The PCR court found trial counsel credible that he did not promise petitioner anything regarding parole.  As petitioner has failed to rebut this presumption by clear and convincing evidence, the Magistrate Judge finds that the PCR court's determination was not contrary to clearly established federal law or an unreasonable determination of the facts.  This court agrees with the Magistrate Judge.

The court has carefully reviewed all of the objections made by the petitioner and has conducted the required *de novo* review. The court finds that the petitioner's objections are duplicative of the claims he has raised in his petition. This court determines that the Magistrate Judge's recommended disposition is correct. Accordingly, the objections are overruled and the Report and Recommendation is incorporated herein by reference. The respondent's motion for summary judgment (ECF No. 18) is granted and the habeas petition is denied.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

August 22, 2012                                       Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).